```
           IN THE UNITED STATES DISTRICT
          FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ROMNEY RENTAS, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 16-2534(JBS) |
| v. | [Cr. No. 11-219 (JBS)] |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Defendant. | |

SIMANDLE, Chief Judge:

This matter came before the Court upon the motion of Petitioner, Romney Rentas, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 regarding his conviction before the undersigned in United States v. Rentas, Criminal Number 11-219 (JBS).  Mr. Rentas entered a plea of guilty to a one-count Information charging him as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 2.  He was sentenced on January 19, 2012 to a term of 110 months of imprisonment and three years of supervised release with special conditions, and the Judgment of Conviction was entered on January 20, 2012.

Mr. Rentas filed the present motion under Section 2255 on May 5, 2016, and this Court subjects that petition to initial screening pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  Rule 4(b) provides in relevant part as follows:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

For the reasons that follow, this motion will be dismissed because it is apparent that this filing is untimely and, even if it were timely, it is clear that the Petitioner has no valid grounds for relief from his conviction and sentence.  The Court finds as follows:

1.   The Petitioner asserts the following three grounds for relief:  (1) "District Court error", alleging that the Court did not obtain defendant's waiver of indictment because "at no time was petitioner give the right to waive prosecution by indictment in open court, as specifically required in [Rule] 7(b); (2) "Ineffective assistance of counsel", alleging that Petitioner's retained counsel, Morris W. Pinsky, Esquire, was ineffective because he failed to object to the lack of waiver of indictment as alleged in the first ground; and (3) "Johnson claim", alleging that under the final decision in Johnson v. United States, 135 S. Ct. 2551 (2015) and under Welch v. United States, 578 U.S. ___ (2016), his sentence was improperly enhanced under the Career Offender Guidelines, U.S. Sentencing Guidelines 4B1.2.

2.     The time within which Petitioner must file a Section 2255 motion is governed by 28 U.S.C. § 2255 para. (f). Generally, that date is a one-year period limitation which runs from the date on which the Judgment of Conviction becomes final. In this case, the Judgment of Conviction became final when no appeal was taken within the period for appeal in 2012, and thus, the one-year limitation expired in 2013.

3.     Petitioner attempts to place this case into an exception to the limitations period, arguing that his limitation period for this petition started on the date on which the right asserted was initially recognized by the Supreme Court in Johnson, and assuming that the right is retroactively applicable to cases on collateral review.  In Johnson, the Supreme Court determined that the residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague, and in Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Court held that Johnson announced a new "substantive" rule of constitutional law that applies retroactively in an initial collateral challenge under 28 U.S.C. § 2255 to a sentence enhanced under the ACCA.  The present petition would be timely if the Johnson/Welch doctrines applied to Mr. Rentas' case, since his motion is filed within one year of the Welch decision.

4.  The Court has examined the record of sentencing in this case.  Mr. Rentas was convicted of being a felon in possession under Section 922(g)(1), and he was not convicted under the Armed Career Criminal Act.  His sentence was not determined with regard to the analogous language in the U.S. Sentencing Guidelines which include a residual cause permitting an enhancement for career offenders, found in U.S.S.G. §4B1.2(a)(2).  In other words, he was sentenced neither under ACCA or under the analogous language in the U.S. Sentencing Guidelines for career offenders.

5.  Mr. Rentas was sentenced applying the U.S. Sentencing Guidelines for a Total Offense Level of 25 and a Criminal History Category of VI, which yielded an advisory guideline range of 110-120 months of imprisonment, plus other penalties.  His presentence investigation and report reflects that his Criminal History Category was computed by adding the point scores for his countable adult convictions, which added to 14 Criminal History points and thus established a Criminal History Category of VI. *See* PSI paragraph 79.  None of his prior crimes was identified as a predicate offense for purposes of career offender status, nor was there any determination of his guideline scores under the Career Offender status of Section 4B1.2 of the Sentencing Guidelines.  Therefore, there is no conceivable argument that Mr. Rentas was somehow sentenced under the residual clause of the

ACCA or under the residual clause of the Career Offender Guidelines. This being the case, Johnson and Welch do not apply to Mr. Rentas' conviction and sentence.

6. Accordingly, this motion was untimely filed on May 5, 2016, more than three years past the 2013 deadline.

7. Moreover, the Court's record also reflects that there is no merit to Petitioner's claims regarding his non-waiver of indictment under Rule 7(b). The record clearly reflects that the defendant executed the Waiver of Indictment in open court on April 8, 2011, as reflected upon the docket entered on April 12, 2011 [Docket Item 14]. The signed Waiver of Indictment was witnessed by attorney M. W. Pinsky and by the undersigned as evidenced by the signatures upon the Waiver form. A copy of that Waiver is attached hereto as Exhibit A.

8. Accordingly, the Court accepted Mr. Rentas' written Waiver of Indictment in open court on April 8, 2011, before proceeding with the entry of his guilty plea and, seven months later, his sentence.

9. While claims related to his alleged lack of waiver of indictment and his attorney's ineffectiveness for permitting such non-waiver are also clearly time-barred, this discussion upon the merits is added for the sake of completeness because the grounds are demonstrably without merit upon the record of this Court.

The accompanying Order will be entered.

**June 15, 2016**             **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              Chief U.S. District Judge

# EXHIBIT A

Executed Waiver of Indictment

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. Cr # 11-219 (JBS) |
| Romney Rentas | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: 4/8/2011

_____
*Defendant's signature*

_____
Signature of defendant's attorney

M W Pinsky
Printed name of defendant's attorney

_____
Judge's signature

JEROME B. SIMANDLE
Judge's printed name and title